ORIGINAL

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 2 7 2017
4:19 pm

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Applicant, ) | No.: 4:17-MC-018-A |
| ) | |
| ) | |
| v. ) | |
| ) | |
| AMERATEX ENERGY, INC, ) | |
| LEWIS OIL, INC., and ) | |
| THOMAS A. LEWIS ) | |
| ) | |
| Respondents. ) | |
| ) | |

## NOTICE OF NONCOMPLIANCE WITH ADMINISTRATIVE SUBPOENAS

Applicant United States Securities and Exchange Commission (the "SEC") submits this Notice of Noncompliance with Administrative Subpoenas.

### I.    Respondents Have not Complied with the SEC's Subpoenas

This Notice comes more than nine months after the SEC's administrative subpoenas required Ameratex Energy, Inc., Lewis Oil, Inc., and Thomas Lewis (collectively, "Respondents") to produce documents related to their oil and gas offerings, the subject of investigation by the SEC. After granting nine extensions of time, the Applicant lost faith in Respondents' willingness to comply with its subpoenas and filed this action on June 9, 2016. On June 27, 2016, although Respondents stated that they had already "responded to the Administrative Subpoenas in good faith," they claimed to be "producing to the Applicant on this date the remaining non-privileged documents in their possession, custody and/or control . . . ." (Dkt. 9, p. 2).

In fact, Respondents provided a portable USB drive not on July 27, but on the following day. Unfortunately, the vast majority of the material on the drive was corrupt and inaccessible and Applicant immediately notified Respondents of this technical problem. Rather than trying to produce the documents electronically,[1] Respondents stated an intention to produce physical copies of documents by June 30, 2016. On June 30, because Respondents were "guessing the production of documents will to be in the upper hundreds of thousands [*sic*] pages," they revised the date of estimated delivery to Monday, July 3, 2016 (the date Applicant was required to respond to the Court). Also on June 30, Respondents clarified their previous submission to the Court, informing Applicant and the Court that they were not withholding any documents pursuant to a privilege. (Dkt. 11, p. 3).

### a. Attorney-Client Privilege

Despite Respondents' explicit representation, the issue of whether or not Respondents intend to invoke attorney-client privilege – and over what documents – soon arose and has not been resolved. On July 3, Respondents did not produce hundreds of thousands of pages, and instead delivered two boxes containing a total of 2,444 documents (10,502 pages) to the SEC. These documents arrived without cover letter and were not labeled or indexed in any way. Several of the documents in this production appear to be communications from attorney Gary Holloway of the Holloway Law Firm to Tom and Steve Lewis. Upon discovering these communications, SEC attorneys became concerned that Respondents had made an inadvertent production of privileged documents and did not review the suspect documents beyond identifying senders and recipients. On July 7, 2016, counsel for the SEC emailed Respondents'

---

[1] Notably, Applicant's subpoenas *require* that certain materials, such as emails, be produced in native format, meaning electronically, to preserve the documents' metadata.

counsel, noting that the latest production appeared to contain attorney-client communication and asking Respondents to confirm that they did not intend to claim privilege over such documents. (Exhibit A, pp. 4-5, App. 004-005). Respondents' counsel responded by asking for a copy of the documents in question. (*Id.*, p. 4, App. 004). Counsel for the SEC declined to undertake a privilege review of Respondents' latest production, noting that it would be impossible to locate relevant attachments to potentially privileged communications because of the disarray in which the materials had been produced. (*Id.*, pp. 3-4, App. 003-004). Instead, counsel for the SEC pointed Respondents' counsel to any produced communication "to or from Attorney Holloway." (*Id.*, p. 3, App. 003). Respondents' counsel again declined to address the issue of potentially privileged documents, stating instead that SEC counsel was "attempting to draw me into your dispute with Mr. Lewis and I'm simply not going to be a part of your gamesmanship." (Exhibit A, pp. 2-3, App. 002-003).

Parties' counsel soon reached an impasse as to the privilege issue on July 7, with counsel for Respondents wanting the SEC to provide copies of Respondents' potentially privileged documents for his review and counsel for the SEC asking why Respondents could not review their own production copy. (*Id.*, pp. 1-3, App. 001-003). Out of caution, counsel for the SEC segregated documents that it identified as potentially privileged (though Respondents and their counsel are in a far better position for this task), and once an outside vendor scanned them, sent those documents back to Respondents' counsel along with a letter detailing outstanding deficiencies in Respondents' production on July 19, 2016. (Exhibit B, App. 006-008).

Upon receipt of the documents and the SEC's letter, Respondents' counsel replied with an email stating, "based on my initial review of documents produced to you all, there are some privileged documents that were sent to you all. I will provide you all with a privilege log. In the

meantime, the additional information in your letter will be provided to Mr. Lewis. Thanks."
(Exhibit C, App. 009).  Thus, after being alerted to the possibility of having produced privileged
documents at least as early as July 7, Respondents' counsel apparently did not review the
documents in question until July 19.  Moreover, as of the date of this Notice of Noncompliance,
Respondents have not (i) provided a privilege log, (ii) identified what documents it considers
privileged, (iii) attempted to claw back any or all of its latest production, or (iii) provided any
guidance on the handling of their privileged materials.

Because of Respondents' refusal to engage in good faith on the privilege issue, the SEC
has been unable to fully analyze the materials produced.  For that reason alone, Respondents'
response to the SEC's subpoenas is deficient.  The Court should enter an order requiring
Respondents to specify exactly what materials they are withholding, or attempting to withhold,
from production pursuant to a privilege or confirm that they are waiving the privilege.

**b.  Email Deficiencies**

Additionally, counsel for the SEC has identified several other deficiencies in
Respondent's production of emails.

**i.  Email Format**

First, the format of Respondents' emails is not responsive to the subpoenas, which
requested documents in "native format."  For emails, this requires electronic production in a
format (.msg, .html, or .pst) that preserves the metadata contained within original documents.
This has long been known to Respondents.  (Dkt. 3, Mallett Decl., Exhibit I at App. 083).
Nevertheless, even in their attempted production via USB hard drive, Respondents did not even
attempt produce emails in native format, but rather as .txt files that did not preserve original
information.  While Respondents' counsel has represented that Mr. Lewis will attempt to send

the emails in the requested format, they have long known of this issue and have not corrected it.

The Court should enter an order requiring Respondents to produce emails in native format.

### ii.    Additional Emails and Email Addresses

In its July 19, 2016 letter to Respondents noting continuing production deficiencies, the

SEC noted that:

> In response to Items 4 & 18 of AmeraTex and Lewis Oil subpoenas and
> Items 5, 8 & 12 of Tom Lewis subpoena, you have produced some emails
> from 3 accounts: @ameratexenergy.com, lewisoilcorp@gmail.com, and
> oildriller24@yahoo.com.    We believe, however, that additional
> responsive emails exist and the current production is deficient in form and
> substance.    For example, there are more emails responsive to the
> subpoenas from the @ameratexenergy.com account, as seen by the
> samples attached to the Mallett Decl. at App. 071-74.  Similarly, we have
> also discovered the existence of additional accounts that may contain
> responsive    email:    @ameratexkentucky.com,    @lewisoilcorp.com,
> @lewisoilinc.com,   ameratex@outlook.com,   and   atexky@gmail.com.

(Exhibit B, App. 008).  In response to these issues, Respondents' counsel replied, simply:

> Per Tom Lewis, after researching the email accounts, it was confirmed
> that the following email accounts do not exist: atex@gmail.com [*sic*],
> ameratexkentucky.com, ameratex@outlook.com and @lewisoilinc.com.
> However, there were a few emails sent via lewisoilcorp.com.

(Exhibit D, App. 012).  This response does not illuminate.  First, Respondents do not address the

SEC's contention that the email production from the @ameratexenergy.com account is

incomplete, as evidenced by the counterexamples provided previously.  (Dkt. 3, Mallett Decl. at

App. 071-74).  This is particularly troubling because of the various positions previously taken by

Respondents about the state of their emails.  After saying they were sorting through and

compiling the requested email (*Id.* at App. 010,083), Respondents took conflicting positions on

whether some emails had been deleted (*Id.* at App. 086, 011-012).  The latest position taken by

Respondents (in their June 27 Response to the Court) stated that they have been working with the

network provider to recover deleted emails. Moreover, account registration details from GoDaddy.com suggest that Respondents allowed the @ameratexenergy.com account to lapse on April 9, 2017, many months after the SEC's subpoena for emails from that account. (Exhibit E, App. 017). This Court should order Respondents to produce all @ameratexenergy.com emails or give a detailed accounting for why such emails are beyond their control.

Second, Respondents summarily claim that certain email accounts "do not exist." This response is plainly inadequate, especially in light of the SEC's investigation having discovered evidence of the existence of those very emails.[2] (Exhibit F, App. 019-023: @ameratexkentucky.com and atexky@gmail.com; Exhibit G, App. 024: ameratex@outlook.com; Exhibit H, App. 025-026: @lewisoilinc.com). Perhaps Respondents are claiming that these email accounts *no longer* exist. In any case, the Applicant requests that the Court order Respondents to produce all responsive emails from all such accounts or give a detailed accounting for why such emails are beyond their control.

Finally, though Respondents acknowledge the existence of "a few emails" from the @lewisoilcorp.com account, they do not commit to producing such emails. The Court should order Respondents to produce all responsive emails from this account or give a detailed accounting for why such emails are beyond their control.

## II.   CONCLUSION

For the reasons described above, Applicant respectfully requests that the Court order Respondents to immediately produce the materials described above or explain to the Court in

---

[2] As to atex@gmail.com, Respondents appear to have mistyped atexky@gmail.com, an email discovered by the SEC in connection with its investigation.

detail the reasons it cannot.  Applicant requests that this miscellaneous matter remain open to ensure compliance with the Court's orders.

Dated:  July 27, 2017

                                              Respectfully submitted,

                                              UNITED STATES SECURITIES
                                              AND EXCHANGE COMMISSION

                                              MATTHEW GULDE
                                              Illinois Bar No. 6272325
                                              United States Securities and
                                              Exchange Commission
                                              Burnett Plaza, Suite 1900
                                              801 Cherry Street, Unit 18
                                              Fort Worth, TX  76102
                                              Telephone:  (817) 978-1410
                                              Facsimile:  (817) 978-4927
                                              guldem@sec.gov

Of Counsel:

SARAH S. MALLETT
Texas Bar No. 24078907
JAMES E. ETRI
Texas Bar No. 24002061
United States Securities and Exchange Commission
Burnett Plaza, Suite 1900
801 Cherry Street, Unit 18
Fort Worth, TX  76102

                                              *Attorneys for Applicant United States*
                                              *Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017, I filed the foregoing document with the Clerk of the Court, who entered the documents into the CM/ECF system which will send notification of the filing to all counsel who have registered with the Court.

Matthew J. Gulde