IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Applicant, | § § | CIVIL ACTION NO. 4:17-MC-018-A |
| v. | § § § | |
| AMERATEX ENERGY, INC., ET AL., | § § | |
| Respondents. | § | |

### RESPONDENTS' RESPONSE TO THE APPLICANT'S NOTICE OF NONCOMPLIANCE WITH ADMINISTRATIVE SUBPOENAS

TO THE HONORABLE JUDGE OF SAID COURT:

Respondents file this response to the Applicant's Notice of Noncompliance with Administrative Subpoenas and would show the Court as follows:

### I. BRIEF RESPONSE

The Applicant has chosen to create a dispute with the Respondents' counsel and continues to make it appear as if documents have not been produced or are being intentionally withheld.[1] The Respondents have represented that as not being the case. On June 28, 2017, Respondents provided the Applicant with a flash drive that contained the documents responsive to the Administrative Subpoenas but was advised by counsel for Applicant that the vast majority of the files on the flash drive were corrupted. This is the second time that documents have been produced to the Applicant in which a claim that the documents were corrupted was made. Although Respondents were sure that the documents on the flash drive were not corrupted when last viewed, Respondents advised the Applicant that they would provide paper copies of the requested documents. Having to manually copy thousands of documents

---

[1] Respondents provided the Applicant with a Privilege Log.

1

became a much larger undertaken as initially thought, so as a courtesy, Respondents advised the Applicant that they would unlikely be able to deliver the documents by 5PM and would have the documents delivered on the next business day. The Respondents kept the Applicant advised at all times and attempted to provide the Applicant with an estimate of the document count.

On July 3, 2017, the documents were delivered to the Applicant. The Applicant confirmed receipt of the documents and asked the Court to keep this action opened until it was able to determine compliance with the SEC Subpoenas and any relief sought.[2] On July 7, 2017, counsel for Respondents received an email from Matthew Guilde ("Guilde"), counsel for Applicant, advising that he noticed several emails from Gary Holloway of the Holloway Law Firm to Tom and Steve Lewis. (See, e.g., Dkt. No. 17 at Apx. p. 5). Respondents immediately responded and asked Mr. Guilde if he could provide copies of the documents he was referring to. (See, e.g., Dkt. No. 17 at Apx. p. 4). This request was in large part due to the fact that counsel for Respondent did not have access to the documents and wanted to provide Mr. Guilde with a quick response not to further delay the review process.[3] Mr. Guilde was also advised by email that the Respondents had not intended to invoke any privileges as represented to the Court but would review the documents to make sure that no documents were inadvertently produced to the Applicant. So that there were no miscommunication, Mr. Guilde was also asked to provide notes to the Respondents after he had an opportunity to review the documents that were produced to the Applicant.[4] Ironically, Mr. Guilde failed to provide all of the emails between the parties to the Court and instead cherry picked emails that he felt would make the conversations one-sided.

On July 19, 2017, Mr. Guilde sent counsel for Respondent a letter via email that addressed the remaining issues. (See, e.g., Dkt. No. 17 at Apx. p. 7). On that very same day, counsel for Respondent

---

[2] See Dkt. No. 12.

[3] See email to Matthew Guilde dated July 7, 2017, attached hereto as Exhibit 1.

[4] See email to Matthew Guilde dated July 7, 2017, attached hereto as Exhibit 2.

2

responded to Mr. Guilde and provided him with responses to each issue. (*Id.* at Apx. pp. 11-12). Additionally, on that same day, Mr. Guilde was advised that there were some privileged documents included in the production. (Id. at Apx. p. 9). On July 28, 2017, Respondents provided the Applicant with a Privilege Log.

## II. REMAINING ISSUES

The Applicant has now created yet a another dispute. Specifically, the Applicant represents to the Court that account details from GoDaddy.com suggest that Respondents allegedly allowed the @ameratexenergy.com account to lapse on April 9, 2017. In response to the allegation made by the Applicant, Respondents provide the following response from the individual assigned with the responsibility to retrieve all of the emails for the Respondents:

The history of the emails are as follows:

The Lewis Oil emails are currently being worked on. Mr. Lewis is sorting through them, and as soon as he is done, they will be converted to text files and delivered.

My understanding from Mr. Lewis is the AmeraTex Energy emails are completed and uploaded. The emails are archived from Jan 2014 to May 2019. My understanding is Mr. Lewis has sifted through those and uploaded the ones that are applicable to the request.

Before Jan 2014, the emails are unaccounted for. I thought that was rather curious, so I called Go Daddy (the email host provider) and asked if the emails were setup at that time with them. They said it appears it was in 2011 at some time, and could not give a reason why there were no emails before 2014. He said Go Daddy doesn't track anything like that.

I then called Billy Fort and asked him if he knew where the emails were archived before 2014. Billy Fort had been in charge of all the technical aspects of AmeraTex at that time. He responded he didn't know. I asked if it was with Go Daddy the whole time, and he said he thought so.

So ultimately, it appears any AmeraTex emails before Jan 2014 are gone.

As to the @lewisoilcorp.com account and the additional email accounts referenced by the Applicant, Respondents have produced all emails they have in their possession, custody or control and

3

have represented that they have no other emails in their possession. As the Applicant was previously advised by the Respondents, attempts were made by Respondents' network provider to retrieve emails that were maintained by a former disgruntled employee of Ameritax Energy but they were unable to secure the emails. The only remaining issue has to deal with the email format. Although the Respondents produced the emails responsive to the subpoenas, the Applicant maintains that the subpoenas require the Respondents to produce the requested documents in "native format." Applicant suggested in the July 19, 2017 correspondence that it had an IT and Lit Support specialist who could assist Respondents with the retrieval of emails to the proper email format. However, despite making that offer, the Applicant instead chose to file the subject Notice of Noncompliance with Administrative Subpoenas without even attempting to confirm whether the Respondents were agreeable to resolving the final dispute, which they are.

## **CONCLUSION AND PRAYER**

As previously represented to the Court, Respondents produced a jump drive to the Applicant that contained all the remaining documents in their possession, custody, or control and additionally provided paper copies of the documents. Additionally, the Respondents provided the Applicant with a Privilege Log. The Respondents have represented to their counsel, the Applicant and the Court that they have produced all documents in their possession, custody and control and will supplement their production in the event any additional documents are located. Finally, the Respondents are agreeable to meeting with the Applicant's IT and Lit Support specialist to assist with the retrieval of emails to the proper email format

Respectfully Submitted,

_____
Daryl K. Washington
Texas Bar No. 24013714
325 North St. Paul Street, Suite 3950
Dallas, Texas 75201
(214) 880-4883 (phone)
(214) 751-6685 (facsimile)
dwashington@dwashlawfirm.com

ATTORNEY FOR RESPONDENTS

5

CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2017, the foregoing pleading was filed with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

_____
DARYL K. WASHINGTON

4

# EXHIBIT 1

**dwashington@dwashlawfirm.com**

| | |
|---|---|
| **From:** | dwashington@dwashlawfirm.com |
| **Sent:** | Friday, July 07, 2017 5:57 PM |
| **To:** | Gulde, Matthew |
| **Cc:** | Mallett, Sarah |
| **Subject:** | Re: privilege |

I'm not sure why you are baffled. I'm out of the office at the moment and wanted to make sure I could provide you with a response today so that you did not find something else to misrepresent to the Court. I've spoken to Mr. Lewis about the attachments and he's once again said that he's produced everything in his possesion, custody or control. He is also aware that he has to continue to supplement his production once he is in possession with additional documents responsive to the Administrative Subpoenas.

My suggestion is that you continue to review what's been already produced and make note of the issues you have. As to the format of the emails, I've discussed this with Mr. Lewis and he will determine how to best handle. I'm not sure what else you expect at this poimt.

I'm not going to continue to go back and forth with you. Please provide your concerns after your full review so that it can be properly addressed.

---

**From:** Gulde, Matthew <GuldeM@SEC.GOV>
**Sent:** Friday, July 7, 2017 5:06:20 PM
**To:** dwashington@dwashlawfirm.com
**Cc:** Mallett, Sarah
**Subject:** RE: privilege

Daryl,

Again, I'm baffled at the request that I send you documents that your client produced to us. Do you not have a set of the documents that your client produced? In any event, we have segregated the Holloway documents that appeared to raise the issue (though we cannot be sure of the scope because of the email-attachment issue I discussed in my 1:17pm email). We are having them scanned and will send you an electronic copy of representative emails when we have them.

I will certainly give you our reactions to respondents' entire production in advance of July 31. In the meantime, however, to make sure we are on the same page: please confirm that you understand our problem with the format of produced emails (.txt format versus native format).

Thanks,
Matt

---

**From:** dwashington@dwashlawfirm.com [mailto:dwashington@dwashlawfirm.com]
**Sent:** Friday, July 07, 2017 4:48 PM
**To:** Gulde, Matthew
**Cc:** Mallett, Sarah
**Subject:** RE: privilege

Matthew, as I've told you once before, please give me a call to discuss if you have a specific question. Additionally, unless there is some privileged document I was not made aware of, the clients did not to intend to invoke an attorney client privilege unless you have specific communications between Holloway and Lewis only, that I've requested you send

1

# EXHIBIT 2

**dwashington@dwashlawfirm.com**

| | |
|---|---|
| **From:** | dwashington@dwashlawfirm.com |
| **Sent:** | Friday, July 07, 2017 4:48 PM |
| **To:** | 'Gulde, Matthew' |
| **Cc:** | 'Mallett, Sarah' |
| **Subject:** | RE: privilege |

Matthew, as I've told you once before, please give me a call to discuss if you have a specific question. Additionally, unless there is some privileged document I was not made aware of, the clients did not to intend to invoke an attorney client privilege unless you have specific communications between Holloway and Lewis only, that I've requested you send to me. Finally and for the second time, once you've had an opportunity to review the complete production that was provided to you, please send your notes so that this can be discussed with Mr. Lewis. Your attempts to create a dispute will not work. I truthfully don't understand your motive. It's counter-productive. Have a great weekend.

Daryl K. Washington
Washington Law Firm, P.C.
325 N. St. Paul, Suite 3950
Dallas, Texas 75201
214-880-4883 - direct dial
214-751-6685 - direct fax
214-403-5464 - cell
dwashington@dwashlawfirm.com
www.dwashlawfirm.com

WASHINGTON LAW FIRM, P.C. E-MAIL NOTICES: This transmission may be: (1) subject to the Attorney-Client Privilege, an (2) attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete this message. Unauthorized interception of this e-mail is a violation of federal criminal law.

Unless it specifically so states, this communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement by electronic means. Unless it specifically so states, nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

IRS Circular 230 Notice Requirement: This communication is not given in the form of a covered opinion, within the meaning of Circular 230 issued by the United States Secretary of the Treasury. Thus, we are required to inform you that you cannot rely upon any tax advice contained in this communication for the purpose of avoiding United States federal tax penalties. In addition, any tax advice contained in this communication may not be used to promote, market or recommend a transaction to another party.

**From:** Gulde, Matthew [mailto:GuldeM@SEC.GOV]
**Sent:** Friday, July 07, 2017 4:37 PM
**To:** dwashington@dwashlawfirm.com

1